## JOSEPH TUCKER *versus* MOSES BUFFUM.

The party entitled to redeem an equity of redemption sold on execution, gave a deed of quitclaim, in common form, in which he remised, released, and quitclaimed his right and interest in and to the mortgaged premises, habendum to the grantee, his heirs and assigns. *Held*, that this was a good assignment in equity of the grantor's right.

The possessor of an equity of redemption sold on execution, having refused to accept the amount of the purchase money and interest, demanded the same on a subsequent day after sunset. *Held*, that the demand was at an unreasonable hour, and consequently a refusal to comply with it did not avoid the effect of the tender.

The defendant in a bill in equity to redeem having filed an answer, in which he relied on the grounds that the tender made by the plaintiff was not unconditional and that the plaintiff was not always ready afterwards to pay the money, it was *held*, that he had waived his right to plead that the suit was not commenced (pursuant to *St.* 1821, c. 86, § 3,) within one year after the making of the tender.

On a bill to redeem an equity of redemption sold on execution, the defendant must account for the rents and profits received by him, notwithstanding the plaintiff may have tendered to him, before the commencement of the suit, the amount of the purchase money and interest, without regard to the rents and profits.

In the same suit it was *held*, that the defendant, who, after the tender, had occupied the mortgaged premises on a lease from the mortgagee at a low rent and afterwards purchased the mortgage, should account for the fair annual value of the premises.

The plaintiff in a bill in equity to redeem, must account for the interest, if any, received by him on the money tendered to and refused by the defendant.

On a bill in equity to redeem, the defendant was allowed a commission of five per cent on rents collected by him.

The defendant in a bill in equity to redeem, who was possessed of the equity of redemption under a sale on execution, having taken a lease of the mortgaged premises from the mortgagee and made repairs and improvements, and having subsequently purchased the mortgage, was allowed the expense of the repairs and improvements.

BILL in equity to redeem. On December 8, 1828, one Gray being the holder of a mortgage on the land in question, and one Wall being the owner of the equity of redemption, the right of Wall to redeem was sold on execution for $1787·50 to Dan Hill. On December 23, 1828, Hill assigned his right of redemption to the defendant. On December 4, 1829, Wall, having then a right to redeem the equity of redemption within one year from the sale on execution, by his deed of quitclaim, in the common form, remised, released, and quitclaimed his right and interest in and to the mortgaged premises, to the plaintiff, *habendum* to the plaintiff, his heirs and assigns. On December 7, 1829, the plaintiff tendered to the defendant the sum of $1895·06 in order to redeem the equity of redemption, but the defendant refused to accept the money. On the 16th of the same December, after sunset, and as late as 5 or 6 o'clock, the defendant requested the plaintiff to pay him the sum previously tendered, but the payment was not made. On August 11, 1831, Gray assigned the mortgage to the defendant. On the 14th of November, 1831, the plaintiff again tendered to the defendant the sum of $1895·06 ; on the 24th, he requested the defendant to state an account of the sum due on the mortgage, and of the rents and profits, and of the moneys expended in repairs and improvements, and offered to perform the condition of the mortgage, but the defendant refused to state an account ; and on the 29th this suit was commenced, for the purpose of redeeming the equity of redemption and likewise of redeeming the land from the mortgage. The defendant, in his answer, alleges that the tender was made upon the condition that he should give the plaintiff a deed of release of the equity of redemption ; and he denies that the plaintiff had always been

ready and willing to pay the sum tendered, from the time of the tender to the commencement of the suit, as set forth in the bill ; and he asserts his belief that the plaintiff had not the sum tendered, in his possession nor subject to his order, on December 16, 1829, nor at any time since until November 14, 1831 ; and so, he says, that the plaintiff has no right to redeem the equity of redemption, nor the mortgaged premises.

The question of the plaintiff's right to sustain the bill was argued at October term, 1832, by *J. Davis* and *Washburn*, for the plaintiff, and by *Hoar* and *W. S. Hastings*, for the defendant ; and at October term, 1833, it was considered by the *Court*, that the deed of quitclaim was a good assignment in equity of Wall's right to pay the money and redeem the equity of redemption, and operated to vest that right in the assignee ; that the tender on the 8th of December, 1829, was unconditional ; that the demand of the money, made by the defendant on the plaintiff, on the 16th of the same December, was not made at a reasonable time, it being after dark ; that as the defendant had once refused the money, if he came with a sincere intention of taking it, he should not have demanded payment promptly, and that in the night, but he might have inquired of the plaintiff at what reasonable time and p.ace he would have the money ready, and if the plaintiff had refused to fix such time and place, he might then have made the demand at a reasonable time, and, if after waiting a reasonable time the money were not paid, he might urge, with much force, that the effect of the tender had been avoided.; and that as no reasonable demand had been made, the defendant was not in a condition to go into the inquiry, whether the plaintiff had on hand, at all times, the money which had been tendered him on the 8th of December, 1829.

The bill was sustained and the case was referred to a master to state an account.

At the present term the defendant filed the following exceptions to the master's report : —

1. The defendant claims the sum tendered to redeem the equity of redemption, without any deduction of the rents and profits prior to the tender, and he excepts to the allowance of the rents and profits (reported to be $180) from December

8, 1828, the time of the sale on execution, to December 8, 1829, the time of the tender.

2. Gray entered under the mortgage, on April 1, 1830, and the defendant occupied the land from that time until August 11, 1831, (when the mortgage was assigned to the defendant,) at an annual rent of $150, but the defendant is charged in the account with a greater rent. He excepts to tne allowance of a greater rent than that reserved in the lease.

3. The defendant claims interest on the sum tendered, from February 14, 1830, to the time when the same shall be brought into court, because the plaintiff, during that time, either made use of the money, or did not keep the same on hand for the purpose of the tender.

The report finds, that the plaintiff used the money from February 14, 1830, to November 19, 1831, and that the interest thereon, during that time, was $200·05. In regard to the use of the money subsequently to November 19, 1831, one Wilson testified, that in that month he raised the sum of $1895·06 for the plaintiff, which he engaged to hold ready, at all times, for the plaintiff, subject to his order; that in consideration of this engagement the plaintiff was to allow him interest on that sum so long as he thus held the money, ana when the plaintiff should actually take the money from Wilson's possession, he should furnish satisfactory security therefor; that he (Wilson) considered this agreement as binding on the plaintiff, and he expected to be allowed the interest as agreed; that the money was deposited by him in Uxbridge bank on November 19, 1831, but was soon after drawn out by him, but that he had money in other banks and in the hands of individuals, for which he received no interest, and which he could have on demand.

4. The defendant claims to be allowed a commission of five per cent on the amount of rents received by him; which was not allowed by the master, but referred to the Court.

5. The defendant excepts to the allowance of such part of the rents and profits charged to him, as arose exclusively from his repairs and improvements made between April 1, 1830, and August 11, 1831, unless the expense of those

repairs and improvements, (amounting to about $250,) shall be allowed to him.

*Hastings* now moved to file a plea of the statute of limitations, and referred to *St.* 1821, *c.* 86, § 3, which requires that a bill in equity to redeem mortgaged lands, founded on a tender, shall be commenced within one year next after the making of such tender. He also argued in support of the exceptions. As to the second he cited 3 Powell on Mortg. (Rand's edit.) 949, notes F, G ; Bac. Abr. *Mortgage, F,* 4 Kent's Comm. (1st edit.) 159 ; as to the third, Bac. Abr. *Tender, F;* 5 Dane's Abr. 493, rule 42 ; 3 Powell on Mortg. (Rand's edit.) 935 ; *Gyles* v. *Hall,* 2 P. Wms, 378 ; *Lutton* v. *Rodd,* 2 Ch. Cas. 206 ; *Wyman* v. *Hubbard,* 13 Mass. R. 232 ; as to the fourth, *Gibson* v. *Crehore,* 5 Pick. 161 ; and as to the fifth, *Moore* v. *Cable,* 1 Johns. Ch. R. 385 ; 3 Powell on Mortg. (Rand's edit.) 956, note. [See also *Rathbun* v. *Colton,* 15 Pick. 472.]

*Washburn,* for the plaintiff, to the point that the defendant, by setting up a different defence, had waived his right to plead that the suit had not been seasonably commenced, cited 1 Newl. Ch. Pr. 112, 138 ; *Pratt* v. *Bacon,* 10 Pick. 123 ; and as to the first exception, *St.* 1815, *c.* 137 ; *Commonwealth* v. *Hall,* 8 Pick. 442 ; *Irving* v. *Wilson,* 4 T. R. 485 ; *St.* 1818, *c.* 98 ; as to the second, 3 Powell on Mortg. (Rand's edit.) 949 *b* ; *Trimleston* v. *Hamill,* 1 Ball and Beatty, 385 ; and as to the third, *Dodge* v. *Perkins,* 9 Pick. 384 ; *Suffolk Bank* v. *Worcester Bank,* 5 Pick. 109.

WILDE J. delivered the opinion of the Court. This case comes before us again on exceptions to the master's report, stating an account, and the defendant also interposes a new objection to the plaintiff's right to redeem, namely, that the suit was not commenced until more than one year after tender made. This objection, however, comes too late, and we have not considered it. It should have been pleaded or have been relied on in the answer as a distinct ground of defence. The defendant having omitted to do this at the proper stage of the proceedings, must be considered as having waived the objection. He cannot now be allowed at this late stage of the pro-

ceedings to begin his defence *de novo*, the defence heretofore made having been determined against him.

With regard to the exceptions, there does not appear to me to be much doubt or difficulty, and I shall therefore state the opinion of the Court very briefly.

1. The first exception is, that the master allowed the rents and profits rece ved before the tender to be charged, thereby reducing the balance the defendant will be entitled to receive below the sum tendered. This allowance appears to the Court to be manifestly right and equitable. As the defendant refused to receive the sum tendered, and put the plaintiff to prove the balance due, and that has been ascertained, there can be no reason why the plaintiff should be bound by the sum tendered, if by mistake and in ignorance of the facts, he tendered a larger sum than was then actually due. This deduction of the rents and profits from the sum tendered is allowed by the *St.* 1818, *c.* 98, § 3. This exception therefore is overruled.

2. The second exception is also overruled. The defendant is bound to account for rent at its fair value. The master decided on this principle, and we can perceive no reason for questioning the correctness of his decision.

3. The third exception relates to the claim of interest on the sum tendered ; in respect to which we are of opinion, that the sum of $205·05 ought to be allowed, that sum having been received by the plaintiff for the use of the money from February 1830 to November 1831; during the residue of the time the money remained in the hands of Wilson from whom it was borrowed ; and the plaintiff was bound to pay interest therefor to Wilson. This part of the claim of interest we think was rightly disallowed.

4. As to the fourth exception we are of opinion, that the defendant is entitled to receive the commission of five per cent for rents by him collected, and no more.

5. The last exception is, because the master disallowed the defendant's claim for the expenses of certain repairs and improvements and yet charged him with the increased rent by reason of such repairs and improvements. This exception appears to us to be well founded, and we are of opinion that the expenses of these repairs ought to be allowed

When the statement of the amount shall be corrected con-
formably to these decisions, a final decree will be entered.